Hillsborough, }
May 2, 1922. }

### F. D. COOK LUMBER CO. v. WALTER E. DEAN & Tr's.

A notice to quit given by the vendor of property to the tenant of his vendee who is indebted for a part of the purchase price does not establish that the vendee was not in possession of the property at the time the rent accrued, and in trustee process the tenant is chargeable for the accrued rent at the suit of the vendee's creditor as against the vendor, as claimant thereof.

ASSUMPSIT, for goods sold. There was no appearance by the defendant but one Rice intervened as claimant of the funds in the hands of the trustees. The evidence tends to prove that Rice sold the defendant land in May, 1920, for $6200, to be paid for in monthly payments of fifty dollars each, and in addition he was to pay interest on the purchase price, the taxes, insurance and water-rates.

The defendant took possession of the property at the time the trade was made and has since retained the possession, but has made no payments to Rice since October, 1920.

Soon after taking possession, the defendant rented the buildings on the premises to the trustees in this suit and they paid him the rent prior to July 20, 1921. The claimant notified the tenants on August 2, 1921, to quit the premises in thirty days from that date, and on August 18 they were summoned as trustees in this suit.

Transferred by *Branch*, J., from the September term, 1921, of the superior court on the claimant's exception to a judgment charging the trustees.

*Wason & Moran*, for the plaintiff.

*Walter E. Kittredge*, for the claimant.

YOUNG, J.   The question raised by the claimant's exception is whether the evidence warrants a finding that the defendant was in possession of the property at the time the rent for which the trustees were charged accrued; for if he was, the trustees were properly charged.

It is conceded that the defendant took possession at the time or soon after he bought the property and the only evidence tending to prove he has since been dispossessed is the fact the claimant notified the tenants to quit soon after they were summoned as trustees in the first suit.

It cannot be said from that fact alone that he was in possession of the property either at the time the tenants were summoned as trustees in this suit, or at any other time, for that fact is as consistent with the view that he gave the notice to help the defendant defraud his creditors, as the one that he had taken possession of the property.

*Exception overruled.*

All concurred.